IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDI J. KOLLAR, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 11-727 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 2nd day of January, 2013, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan,

1

738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]

As stated above, substantial evidence supports the decision of the Administrative Law Judge ("ALJ") that Plaintiff is not disabled under the Social Security Act (the "Act"). Indeed, the ALJ very thoroughly explained the rationale for the weight he assigned to the evidence in the record, and substantial evidence supports his findings.

One point, however, requires further discussion. Plaintiff argues that the ALJ failed to find that she had additional impairments that were severe at Step Two of the analysis, specifically, her osteoarthritis and degenerative back problems. However, she fails to acknowledge that the Step Two determination as to whether she is suffering from a severe impairment is a threshold analysis requiring the showing of only one severe impairment. See Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006). In other words, as long as a claim is not denied at Step Two, it is not generally necessary for the ALJ specifically to have found any additional alleged impairment to be severe. See Salles v. Commissioner of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Lee v. Astrue, 2007 WL 1101281, at *3 n.5 (E.D. Pa. Apr. 12, 2007); Lyons v. Barnhart, 2006 WL 1073076, at *3 (W.D. Pa. March 27, 2006). Since Plaintiff's claim was not denied at Step Two, it does not matter whether the ALJ correctly or incorrectly found Plaintiff's other alleged impairments to be non-severe.

Of course, even if an impairment is non-severe, it may still affect a claimant's residual functional capacity ("RFC"). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996). See also 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5.

2

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 8) is DENIED and defendant's Motion for Summary Judgment (document No. 6) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:   Counsel of record

---

Accordingly, merely because the ALJ did not find Plaintiff's osteoarthritis and degenerative back problems to be severe does not mean that these conditions could not still have affected Plaintiff's RFC.  However, the ALJ expressly stated that he did, in fact, consider the impairments he found to be non-severe through the rest of his decision, including his RFC determination. (R. 13). Moreover, the ALJ included numerous restrictions in Plaintiff's RFC based on the severe impairments that he did find to be present, and Plaintiff does not suggest what additional limitations should have been included in the RFC based on her osteoarthritis and degenerative back problems that were not already included, nor does the record demonstrate any such additional restrictions. Accordingly, there is no basis for Plaintiff's argument regarding the ALJ's analysis at Step Two.